## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **TARA HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CASE NO. 3:24-cv-472-GNS** |
| | ) |
| **FOOT LOCKER RETAIL, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## I. NATURE OF THE CASE

1.      Plaintiff, Tara Harris ("Harris"), by counsel, brings this action against Defendant, Foot Locker Retail, Inc.,  ("Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq.*, and the Kentucky Civil Rights Act ("KCRA").

## II. PARTIES

2.      Harris, at all relevant times, performed her job duties and responsibilities within the geographical boundaries of the Western District of Kentucky.

3.      Defendant maintains offices and routinely conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 29 U.S.C. § 626; and 42 U.S.C. § 2000e-5(f)(3).

5.      Jurisdiction is conferred on Harris' state law claims pursuant to 28 U.S.C.§ 1367 because her state law claims arise from the same common nucleus of operative facts as her federal law claims, and all of her claims form a single case and controversy under Article III of the United States Constitution.

6.      Defendant is an "employer," as that term is defined by 29 U.S.C. § 630(b), 42 U.S.C. §2000e(b) and KRS 344.030(2).

7.      Harris was an "employee," as that term is defined by 29 U.S.C. § 630(f), 42 U.S.C. §2000e(f), and KRS 344.030(5).

8.      Harris satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge No. 474-2024-00104) with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendants alleging discrimination based on her age and race and retaliation for engaging in a protected activity. Harris received the required Notice of Suit Right to Sue on June 12, 2024, and timely files this action.

9.      A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, the venue is proper in this Court.

## IV. <u>FACTUAL ALLEGATIONS</u>

10.     Harris is an African American individual who, at all relevant times, was of or over the age of forty (40).

11.     On or around April 19, 2021, Harris began working for Defendant as a Senior Director of Human Resources.

12.     At all relevant times, Harris met or exceeded Defendant's legitimate performance expectations. In both 2021 and 2022, Harris scored "Meets Plus", and her work performance had her on pace to receive a significant bonus in 2023 based on her individual performance meeting expectations.

13.     In or around January 2023, Harris was eligible for an elevated position with Defendant, and she expressed interest in the potential promotion to management and relevant hiring authority. However, shortly thereafter, Harris was not considered for the promotion, and the role was given to Chris Greed ("Greed"), a significantly younger Caucasian individual with less experience than Harris. When Harris complained of this non-promotion and stated that she felt it was due to her age and race, her performance scores were manually lowered.

14.     In or around April 2023, Harris had an annual performance meeting with her direct Supervisors, Lorri Topper ("Topper") and Greed. During the meeting, Topper made comments that Harris felt were inappropriate and racially charged.

15.     On or around April 14, 2023, Harris made a complaint to Rosalind Reeves ("Reeves"), Chief of Human Resources, of disparate treatment due to her race. Specifically, Harris stated that Topper made comments to her with racial overtones that

she felt were inappropriate. After looking into Harris' complaint, Reeves told Harris that she had spoken to Topper about racial misconduct and then told Harris, "You is kind, you is smart, you is important" – a quote from the movie, "The Help."

16.     In or around July 2023, Harris' position was selected for elimination. However, only five (5) of the nearly one hundred and twenty (120) eligible employees were eliminated, while all of Defendant's Caucasian employees were retained. Defendant's stated reason for terminating Harris' employment is pretext for discrimination and retaliation.

17.     Similarly situated individuals outside Harris' protected class(es), with less experience and workloads were retained.

## V. CAUSES OF ACTION.

### COUNT I: ADEA & KCRA: AGE DISCRIMINATION

18.     Harris hereby incorporates paragraphs one (1) through seventeen (17) of her Complaint as if the same were set forth herein.

19.     At all relevant times, Harris was over the age of forty (40) years old.

20.     Defendant discriminated against Harris  by denying her a promotion and later terminating her employment on the basis of her age.

21.     Defendant's actions were intentional, willful, and in reckless disregard of Harris' rights as protected by the ADEA.

22.     Harris suffered and continues to suffer damages as a result of Defendant's unlawful actions.

**COUNT II: TITLE VII & KCRA- RACE DISCRIMINATION**

23.    Harris hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24.    Harris is an African American individual.

25.    Defendant discriminated against Harris by denying her a promotion and later terminating her employment due to her race.

26.    Defendant's actions were intentional, willful, and taken in reckless disregard of Harris' rights as protected by Title VII and the KCRA.

27.    Harris has suffered damages as a result of Defendant's unlawful actions.

**COUNT II: TITLE VII, ADEA & KCRA- RETALIATION**

28.    Harris hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint as if the same were set forth at length herein.

29.    Harris engaged in a protected activity when she complained of disparate treatment and less favorable terms and conditions of employment between herself and others outside of her protected class.

30.    Defendant retaliated against Harris for engaging in protected activity by terminating her employment.

31.    Defendant's actions were intentional, willful, and taken in reckless disregard of Harris' rights as protected by Title VII, the ADEA and the KCRA.

32.    Harris has suffered damages as a result of Defendant's unlawful actions.

## VI. <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Tara Harris, respectfully requests that this court enter judgment in her favor and award her the following relief:

1.      Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their race and/or retaliates against any employee after engaging in a protected activity;

2.      Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3.      Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4.      Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5.      Award Plaintiff compensatory damages for violations of Title VII and the KCRA;

6.      Award Plaintiff punitive damages for Defendants' violations of Title VII;

7.      Award Plaintiff liquidated damages for Defendant's violation of the ADEA;

8.      Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

9.      Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

10. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Andrew Dutkanych*
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com

*Counsel for Plaintiff, Tara Harris*

## DEMAND FOR JURY TRIAL

Plaintiff, Tara Harris, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Andrew Dutkanych*
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com

*Counsel for Plaintiff, Tara Harris*